UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID BENRIMON FINE ART LLC,

Plaintiff,

-AGAINST-

GALERIE SON, MIHYUN SON, AND MAX KOFFLER

Defendants.

Index No.: _____

**COMPLAINT**

Plaintiff David Benrimon Fine Art ("Benrimon"), by and through its attorneys Quinn Emanuel Urquhart & Sullivan LLP, for its Complaint against Defendants Galerie Son ("Gallery"), Mihyun Son ("MS"), and Max Koffler (collectively, "Defendants"), alleges as follows:

## NATURE OF THE CASE

1. Benrimon brings this action to obtain payment for, or the return of, two paintings that Defendants failed to pay for and then refused to return: Joel Mesler, *Sunrise Sunset*, 2022, measuring 84 inches by 65 inches; and Aboudia, *Untitled*, 2021, measuring 35 inches by 35 inches (the "Works").

2. Galerie Son is an art gallery that buys and sells artwork. MS owns the Gallery, and Koffler is an art dealer who works at the Gallery. Benrimon is also an art gallery that buys and sells artwork. The Gallery entered into contracts to purchase the Works from Benrimon on June 10, 2022. The Gallery agreed to pay $320,000 for the work by Mesler and $80,000 for the work by Aboudia. The contracts state that Benrimon retains full title to the Works unless and until it receives full payment. MS and Koffler negotiated the deal with Benrimon.

1

3.      The Gallery failed to make full payment to Benrimon for the Works.  Benrimon repeatedly requested that the Gallery perform its payment obligations under the contracts or return the Works to Benrimon.  MS and Koffler refused to comply with either request.  Instead, they sold the Works, absconded with the proceeds from those sales, and stopped communicating with Benrimon.  Simply put, the Gallery breached its contractual obligations to Benrimon, and the Defendants then conspired to steal the Works from Benrimon and steal the proceeds from their unlawful sales.

4.      Benrimon brings this action for breach of contract, conversion, aiding and abetting conversion, and replevin.

## PARTIES

5.      David Benrimon Fine Art is a New York corporation that operates as an art gallery specializing in impressionist, modern, and contemporary art.  Benrimon is located in New York, New York.

6.      Galerie Son is a German corporation that operates as an art gallery, located at Schinkelplatz 4, Berlin 10117, Germany.

7.      Upon information and belief, Mihyun Son is a citizen of Germany and the owner of Galerie Son.

8.      Upon information and belief, Max Koffler is a citizen of Germany and the director of Galerie Son.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.

10. Defendants have consented to personal jurisdiction and venue in this Court because Defendants agreed in the parties' contracts that "the state and federal courts located in New York County, New York (the "Courts"), will have exclusive jurisdiction to resolve any dispute, claim, or controversy between them arising out of or relating to this Agreement."

11. The Court also has personal jurisdiction over Defendants because the action concerns business transacted in this State and tortious acts that occurred in this State and caused injury to Benrimon in this State, including the fact that Defendants purchased two artworks from Benrimon in New York; Benrimon demanded that Defendants remit payment for the Works or that they return the works to Benrimon in New York; and Benrimon has suffered the harm from Defendants' conduct in New York.

12. Venue in this Court is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

**FACTUAL ALLEGATIONS**

13. Benrimon and the Gallery entered into two contracts on June 10, 2022, under which the Gallery agreed to purchase two paintings: *Sunrise Sunset*, 2022, by Joel Messler (Exh. A), and *Untitled*, 2021, by Aboudia (Exh. B).

14. The total price of the Joel Messler painting was $320,000.

15. The total price of the Aboudia painting was $80,000.

16. The terms of sale state for each of the Works that "Buyer's obligation to make full payment for the work is due immediately upon Seller's transmission of the invoice to the Buyer or the Buyer's designated representative. Title to the work will not transfer to Buyer until Seller receives payment in full from Buyer, at which point Seller will transfer good title to Buyer."

17. Benrimon delivered the Works to Defendants.

3

18.     The Gallery failed to make full payment for the Works.

19.     Benrimon still owns the Works under the terms of the parties' agreements because of the Gallery's failure to make immediate and full payment for the Works.

20.     As a result, Benrimon repeatedly demanded that Defendants return the Works. Koffler responded by telling Benrimon that Defendants did not have enough money to pay for the Works. Defendants refused to return the Works.

21.     Defendants know that Benrimon owns full title to the Works. Upon information and belief, however, the Gallery, MS, and Koffler worked together to sell the Works to one or more third parties. Upon information and belief, the Gallery, MS, and Koffler absconded with the proceeds from their unlawful sales of the Works instead of using those proceeds to pay Benrimon.

22.     Defendants did not have title to the Works and therefore had no legal right to sell the Works.

23.     Benrimon, through counsel, emailed Defendants on February 3, 2023, and February 16, 2023, demanding that the Gallery make full payment for the Works or, in the alternative, that Defendants return the Works. Defendants failed to respond.

24.     Benrimon, through counsel, sent a letter to Defendants on March 2, 2023, again demanding that the Gallery make full payment for the Works or, in the alternative, that Defendants return the Works. Defendants again failed to respond and have failed to make full payment or return the Works.

### COUNT I: BREACH OF CONTRACT
#### (AGAINST THE GALLERY)

25.     Benrimon repeats and incorporates the allegations above, as if fully set forth here.

26.     Benrimon and the Gallery agreed to terms of sale for the Works, which constitute binding contracts between the parties.

27. Benrimon has complied with its obligations under the contracts.

28. The terms of sale required the Gallery to make full payment for the Works immediately upon Benrimon's transmission of the invoices to the Gallery, which occurred on June 10, 2022.

29. The Gallery has failed to make full and immediate payment for the Works and therefore breached the contracts.

30. As a direct, proximate, and foreseeable result of the Gallery's breach, Benrimon has been damaged in an amount to be determined at trial.

## COUNT II: CONVERSION
### (AGAINST ALL DEFENDANTS)

31. Benrimon repeats and incorporates the allegations above, as if fully set forth here.

32. Benrimon owns full title to the Works.

33. Defendants have no right to possess the Works, because they have not made full payment as required by the terms of sale.

34. Defendants know that they have no right to possess the Works.

35. Defendants know that they do not own the Works.

36. Benrimon has demanded that Defendants either submit full payment for the Works or return them to Benrimon.

37. Defendants have refused to pay for the Works or return them to Benrimon.

38. Defendants have converted the Works to their own use and, upon information and belief, sold them to a third party.

39. Benrimon has been damaged as a result of Defendants' improper and unlawful conduct.

## COUNT III: AIDING AND ABETTING CONVERSION
### (AGAINST MIHYUN SON AND MAX KOFFLER)

40. Benrimon repeats and incorporates the allegations above, as if fully set forth here.

41. Benrimon owns full title to the Works and has the right to possess the Works.

42. Defendants had no right to possess or sell the Works.

43. Benrimon has demanded that the Gallery either submit full payment for the Works or return them to Benrimon.

44. MS and Koffler know that the Gallery has not paid in full for the Works.

45. MS and Koffler know that the Works belonged to Benrimon.

46. MS and Koffler know that the Gallery neither owns nor has the right to sell the Works.

47. MS and Koffler conspired together, with the Gallery, to sell the Works.

48. MS and Koffler aided and abetted the conversion of the Works by refusing to return the Works to Benrimon and by working together to deprive Benrimon of the Works by selling them to a third party.

49. Benrimon has been damaged as a result of the improper and unlawful conduct of MS and Koffler.

## COUNT IV: REPLEVIN (CPLR 7101)
### (AGAINST ALL DEFENDANTS)

50. Benrimon repeats and incorporates the allegations above, as if fully set forth here.

51. Benrimon owns full title to the Works and the right to possess the Works.

52. Defendants have no right to possess the Works or retain the proceeds they received from unlawfully selling the Works.

53. Defendants know that they have no right to possess the Works.

54. Defendants know that they do not own the Works.

55. Benrimon has demanded that Defendants either submit full payment for the Works or return them to Benrimon.

56. Defendants have refused to pay for the Works or return them to Benrimon.

57. Defendants have no legitimate defense to Benrimon's assertion of ownership.

58. Benrimon has been damaged as a result of the improper conduct of Defendants.

<u>COUNT V: DECLARATORY JUDGMENT</u>
**(AGAINST ALL DEFENDANTS)**

59. Benrimon repeats and incorporates the allegations above, as if fully set forth here.

60. Benrimon owns full title to the Works and the right to possess the Works.

61. Defendants do not own and have no right to possess the Works.

62. Defendants had no authority to transfer title to the Works to any third parties.

63. Benrimon is entitled to a declaration that it owns full, unencumbered title to the Works.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Benrimon demands judgment as follows:

A. Declaring that Benrimon is the lawful owner of the Works;

B. Awarding Benrimon possession of the Works and ordering that the Works be immediately returned to Benrimon or, in the alternative, that Defendants make full payment for the Works;

C. Awarding Benrimon general and/or compensatory damages in an amount to be determined at trial for all injuries suffered as a result of Defendants' wrongdoing;

D. Awarding Benrimon nominal damages;

E. Awarding Benrimon punitive damages;

F. Awarding Benrimon prejudgment and postjudgment interest at the maximum rate allowable by law;

G. Awarding Benrimon the cost of suit as incurred in this action and attorneys' fees; and

H.  Awarding Benrimon all other relief as may be appropriate.

## Jury Demand

Plaintiff hereby demands a trial by jury on all matters so properly triable.

Dated: March 28, 2023                    Respectfully submitted,

**Quinn Emanuel Urquhart & Sullivan, LLP**

By:     */s/ Luke Nikas*_____

Luke Nikas
Maaren A. Shah
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212)-849-7000
lukenikas@quinnemanuel.com
maarenshah@quinnemanuel.com

*Attorneys for Plaintiff*