# Exh. A



# David Benrimon Fine Art LLC

## INVOICE

**From:** David Benrimon Fine Art
41 East 57th Street, 2nd Floor
New York, NY 10022
United States

**000900**

06/10/2022

**To:** Galerie Son
Schinkelplatz 4
Berlin 10117
Germany

| DESCRIPTION | Total |
|---|---|
|  Joel Mesler<br>Sunrise Sunset, 2022<br>Pigment on linen<br>84h x 65w in<br>213.36h x 165.10w cm<br>MES023 | |
| | **$ 320,000.00** |
| Subtotal | $ 320,000.00 |
| Sales Tax (0%) | $ 0.00 |
| **Total** | **$ 320,000.00** |

**TERMS**

Buyer agrees it will not, under any circumstances offer The Artwork through an art fair or public auction for a three (3) year period (the "Non-Resale Period") starting from the date of this invoice.

Signature: _____

To be paid by wire transfer to:

David Benrimon Fine Art LLC, Account # 358792700

JP Morgan Chase, ABA # 021000021, SWIFT # CHASUS33

1. Seller agrees to sell the work to Buyer, and Buyer agrees to buy the work from Seller, subject to the terms and conditions set forth in the invoice and herein (collectively, the "Agreement").

2. Seller represents that the work will at the time of transfer of title be free and clear of any liens, claims, security interests, and other encumbrances.

3. Buyer's obligation to make full payment for the work is due immediately upon Seller's transmission of the invoice to the Buyer or the Buyer's designated representative. Title to the work will not transfer to Buyer until Seller receives payment in full from Buyer, at which point Seller will transfer good title to Buyer.

4. The Agreement will automatically be void in all respects if Buyer does not make full payment to Seller within ten days of the Seller's transmission of the invoice to the Buyer or the Buyer's designated representative. If the Agreement becomes void under this paragraph, the parties must return to each other any partial consideration received in connection with the Agreement within five business days of the Agreement becoming void.

5. Buyer agrees to pay all applicable taxes due on the sale of the work, including any applicable New York state sales taxes, and shall immediately pay such taxes to the appropriate tax authority.

6. Buyer agrees to pay crating, packing, shipping, and insurance costs in connection with the Agreement.

7. The work is sold "as is", in the condition it is in at the time of sale without any representations or warranties.

8. Buyer and Seller agree that all disputes, claims, and controversies between them arising out of or relating to this Agreement will be governed by the internal laws of the State of New York, without regard to principles of conflicts of laws. The parties agree that the state and federal courts located in New York County, New York (the "Courts"), will have exclusive jurisdiction to resolve any dispute, claim, or controversy between them arising out of or relating to this Agreement. Each party agrees that, if she, he, or it institutes litigation against the other party in connection with this Agreement, she, he, or it will file and maintain the action only in one of the Courts. Each party unconditionally and irrevocably consents and submits to the exclusive *in personam* jurisdiction of the Courts for this purpose. Each party irrevocably waives to the fullest extent permitted by law any right or claim she, he, or it has or may have to seek the transfer of venue of such action to the courts of any other jurisdiction or to assert a claim that the Courts are an inconvenient forum.

9. In the event that any party institutes litigation to enforce the terms of this Agreement, any judgment, decree, or final order issued by the Courts will provide that the party obtaining substantially the relief sought, and in whose favor the final judgment, decree, or final order is entered, is entitled to recover from the non-prevailing party her, his, or its costs and expenses incurred in connection therewith, including reasonable attorneys' fees as determined by the Court, the costs of the litigation, and actual out-of-pocket expenses.

10. This Agreement constitutes the entire Agreement between the parties with respect to the subject matter of this Agreement and supersedes any and all prior negotiations, representations, agreements, and understandings between the parties, both oral and written.

11. No change to this Agreement will be effective unless it is contained in a single document signed by all parties. A party's failure to insist upon compliance with any term of this Agreement will not be deemed to constitute a waiver by that party of any of her, his, or its rights under this Agreement upon a subsequent act or failure to act.

12. The rule of construction to the effect that ambiguities are to be resolved against the drafting party will not be employed when interpreting this Agreement.

13. The terms of this Agreement are confidential and cannot be disclosed to third parties, except the parties' advisors who have a bona fide need to know such information, including lawyers and accountants. These advisors must be advised of the confidentiality obligations hereunder before receiving information about this Agreement.

14. If Seller must first acquire the work from a third party before transferring the work to Buyer, then this Agreement is contingent upon the third party's complete performance of the agreement with Seller. If the third party fails to perform in full its agreement with Seller, Seller has the right to cancel the Agreement by sending written notice of cancellation to Buyer. If Seller cancels the Agreement, then the Agreement will be void in all respects, and the parties must return to each other any partial consideration received in connection with the Agreement within five business days of the Seller's cancellation.