UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID BENRIMON FINE ART LLC,

                    Plaintiff,

-v.-

GALERIE SON, et al.,

                    Defendants.

23 Civ. 02614 (JHR) (SDA)

ORDER ADOPTING REPORT
AND RECOMMENDATION

JENNIFER H. REARDEN, District Judge:

      Plaintiff David Benrimon Fine Art, LLC brings this action against Defendants Galerie Son, Mihyun Son ("Mihyun"), and Max Koffler ("Koffler") for, *inter alia*, breach of contract against Galerie Son and for conversion against all Defendants. ECF No. 1 (Compl.). Before the Court is the Report and Recommendation of Magistrate Judge Stewart D. Aaron recommending that the Court award Plaintiff $320,000.00 in compensatory damages; pre-judgment interest on the compensatory damages at a rate of 9% per year accruing from March 28, 2023; $83,524.00 in attorneys' fees; $2,886.37 in costs; and post-judgment interest pursuant to 28 U.S.C. § 1961 on the full amount of the judgment. ECF No. 39 (R&R) at 21. The Court has examined the Report and Recommendation and notes that no objections have been filed. For the reasons set forth below, the Court finds no clear error in the Report and Recommendation and adopts Judge Stewart's recommendation.

## BACKGROUND[1]

      On March 28, 2023, Plaintiff filed the Complaint in this case. Plaintiff served Defendants Mihyun and Koffler on September 20, 2023, ECF Nos. 17-18, and Plaintiff served Defendant Galerie Son on October 4, 2023, ECF No. 16. The Clerk of Court entered a

---

[1] The Court incorporates by reference the factual summary provided in the Report and Recommendation. *See* R&R at 2-3.

Certificate of Default as to all Defendants on May 30, 2024. ECF Nos. 21. On June 3, 2024, Plaintiff moved for a default judgment, supported by a memorandum of law and declaration, as well as a proposed default judgment, certificates of service, and other exhibits. ECF Nos. 22-28. On June 25, 2025, the Court granted Defendant's motion. ECF No. 32.[2] The Court then referred the case to Judge Aaron for an inquest. ECF No. 33.

On August 8, 2025, Judge Aaron issued a 22-page Report and Recommendation recommending that the Court "award Plaintiff $320,000.00 in compensatory damages; pre-judgment interest on the compensatory damages at a rate of 9% per year accruing from March 28, 2023; $83,524.00 in attorneys' fees; $2,886.37 in costs; and post-judgment interest on the full amount of the judgment." *See* R&R at 21. The Report and Recommendation notified the parties that they had "fourteen (14) days (including weekends and holidays) from service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure." *Id*. The Report and Recommendation also cautioned that "**THE FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS W[OULD] RESULT IN A WAIVER OF OBJECTIONS AND W[OULD] PRECLUDE APPELLATE REVIEW**." *Id.* at 22. (emphases in original). Plaintiff served the Report and Recommendation on all Defendants on August 12, 2025. ECF No. 40. No objections have been filed, nor has any request to extend the time to object been made.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate

---

[2] Plaintiff sought only a partial default judgment because "in October 2023, the parties entered into a partial settlement agreement that released Defendants from Benrimon's claims concerning one of the two artworks at issue in the Complaint." ECF No. 20 (Nikas Decl.) ¶ 4.

judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see also Oparaji v. Home Retention Corp.*, No. 24-1444, 2025 WL 1901297, at *2 (2d Cir. July 10, 2025).  With respect to those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists.  *See, e.g.*, *Marky's Martial Arts, Inc. v. FC Online Marketing, Inc.*, No. 19 Civ. 03363 (ALC) (VF), 2023 WL 171401, at *1 (S.D.N.Y. Jan. 12, 2023).  A report and recommendation "is clearly erroneous if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'"  *Nazon v. Time Equities, Inc.*, No. 21 Civ. 8680 (AT) (SLC), 2023 WL 1516905, at *1 (S.D.N.Y. Feb. 3, 2023), *appeal withdrawn*, No. 23-259, 2023 WL 5570818 (2d Cir. July 12, 2023) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

Notwithstanding a direct warning that a failure to file objections would "result in a waiver of those objections and . . . preclude appellate review," R&R at 22, Defendants did not file any objections to the Report and Recommendation.  Thus, Defendants waived the right to judicial review.  *See Fredricks v. Desrochas*, No. 21 Civ. 8389 (JGLC) (SLC), 2025 WL 1018870, at *1 (S.D.N.Y. Apr. 4, 2025) (citing *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))).  The Court has carefully reviewed the Report and Recommendation in any event and, unguided by objections, finds no clear error.  The Report and Recommendation is "well-reasoned and grounded in fact and law."  *See Fredricks*, 2025 WL 1018870, at *1.

## CONCLUSION

Accordingly, the Report and Recommendation is adopted in its entirety. Plaintiff is awarded judgment in the amount of $320,000.00 in compensatory damages; pre-judgment interest on the compensatory damages at a rate of 9% per year accruing from March 28, 2023; $83,524.00 in attorneys' fees; $2,886.37 in costs; and post-judgment interest pursuant to 28 U.S.C. §1961(a) on the full amount of the judgment. By **October 30, 2025**, Plaintiff shall serve this Order upon each Defendant and file an affidavit attesting to such service.

Upon the entry of judgment, the Clerk of Court is directed to terminate all pending motions and close the case.

SO ORDERED.

Dated: October 27, 2025
       New York, New York

*Jennifer H. Rearden*
JENNIFER H. REARDEN
United States District Judge